**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MCKESSON SPECIALTY
CARE DISTRIBUTION, LLC,

Plaintiff,

v. Case No. 8:25-cv-2622-JLB-LSG

VENUS MEDSPA, LLC, and
WILLIAM CLARKE,

Defendants.
___________________________________/

**REPORT AND RECOMMENDATION**

The plaintiff McKesson Specialty Care Distribution, LLC, moves under Rule 55(b)(1), Federal Rules of Civil Procedure, and Section 77.07, Florida Statutes, for a final judgment in garnishment against the garnishee, Bank of America, N.A. Doc. 48. The defendants fail to appear or respond, and McKesson's motion is treated as unopposed. Local Rule 3.01(d).

Under Section 77.02(2), Florida Statutes, if a defendant fails to timely move to dissolve a writ of garnishment after a plaintiff serves a notice of writ of garnishment, then "the proceedings shall be in a default posture" as to that defendant. *See Meadowcroft Condo. Ass'n, Inc. v. Fla. S. Roofing & Sheet Metal, Inc.*, No. 8:26-cv-407-KKM-SPF, 2026 WL 1893247, at *4 (M.D. Fla. July 1, 2026) (explaining that, under Florida law, garnishment statutes must be strictly construed). More than twenty days have passed since McKesson timely served the required notice under Section 77.055,

Florida Statutes, Doc. 43, and the defendants have not moved to dissolve the writ of garnishment.

Accordingly, I recommend an order **GRANTING** McKesson Specialty Care Distribution, LLC's unopposed motion for final judgment in garnishment under Section 77.083, Florida Statutes. Doc. 48. I further recommend an order (1) that directs the Clerk to enter a final judgment in favor of McKesson and against the garnishee Bank of America, N.A.; and (2) that directs the garnishee Bank of America, N.A., to pay the funds held on behalf of the defendants as indicated in the garnishee's answer—which is $8,561.59, plus any additional amount subsequently deposited in the defendants' accounts held by the garnishee, provided that the total sum does not exceed the $96,227.54 judgment—into the trust account of plaintiff's counsel Carlton Fields, P.A. Docs. 35, 42. Finally, I recommend an order directing McKesson to pay the $100.00 statutory fee to the garnishee's counsel The Noa Law Firm, P.A., P.O. Box 941958, Miami, Florida 33194. Doc. 42 at 3; FLA. STAT. § 77.28. Thereafter the Clerk may terminate any pending motion and close the case.

**REPORTED** in Tampa, Florida, on this 1st day of October, 2026.

LINDSAY S. GRIFFIN
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.